Matter of American Tr. Ins. Co. v Bay Ridge Surgi-Center, LLC (2025 NY Slip Op 06054)

Matter of American Tr. Ins. Co. v Bay Ridge Surgi-Center, LLC

2025 NY Slip Op 06054

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-03984
 (Index No. 522399/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
Bay Ridge Surgi-Center, LLC, etc., appellant.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho (Richard) Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate a master arbitration award dated May 23, 2022, Bay Ridge Surgi-Center, LLC, appeals from a judgment of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 6, 2023. The judgment, insofar as appealed from, upon an order of the same court dated August 23, 2023, among other things, granting that branch of the cross-petition of Bay Ridge Surgi-Center, LLC, which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorney's fees to the extent of awarding it additional attorney's fees in the sum of $250, awarded Bay Ridge Surgi-Center, LLC, additional attorney's fees in the sum of only $250.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding against Bay Ridge Surgi-Center, LLC (hereinafter Bay Ridge), pursuant to CPLR article 75, inter alia, to vacate a master arbitration award dated May 23, 2022, affirming an arbitration award entered in favor of Bay Ridge. Bay Ridge cross-petitioned, among other things, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorney's fees. In an order dated August 23, 2023, the Supreme Court denied the petition, confirmed the master arbitration award, and granted that branch of the cross-petition to the extent of awarding Bay Ridge additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $250. Thereafter, on October 6, 2023, the court, upon the order, issued a judgment, among other things, awarding Bay Ridge additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $250. Bay Ridge appeals.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." The recoverable attorney's fees include those related to representation in a CPLR article 75 proceeding to vacate or to confirm a master arbitration award, and in such instances, the attorney's fees "shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]; see Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783).
"'The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court'" (Hershfield v Davidoff, 233 AD3d 923, 924, quoting Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036; see Hershfield v Davidoff, 233 AD3d at 924).
Contrary to Bay Ridge's contention, the Supreme Court acted within its discretion in awarding Bay Ridge additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $250 without first conducting a hearing (see People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691). As an initial matter, since Bay Ridge failed to submit an affirmation or an affidavit in support of its cross-petition, inter alia, describing the nature of the work performed and the amount of time expended on the matter, it was within the court's discretion to determine a reasonable amount of attorney's fees (see TY Bldrs. II, Inc. v 55 Day Spa, Inc., 167 AD3d 679, 682). Moreover, Bay Ridge failed to request a hearing on the issue of an award of additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) (see Sieratzki v Sieratzki, 8 AD3d 552, 554). Under these circumstances, and given the legislative intent of the no-fault insurance law "to promptly resolve no-fault reimbursements, 'reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 9, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 505; see Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860), the court was not required to conduct a hearing prior to awarding the additional attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4).
Bay Ridge's remaining contention is academic in light of our determination.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court